CASE 53—PETITION EQUITY—SEPTEMBER 23.

# Walters, &c., vs. Ratliff, &c.

APPEAL FROM PIKE CIRCUIT COURT.

1. EMANCIPATED SLAVES WERE REQUIRED TO REMOVE FROM THE STATE.—
Barnabas Johnson died in 1862. In October, 1867, a copy of his alleged last will was produced, proved, and admitted to record in the Pike county court. This paper, without date, purported to emancipate a number of slaves, and to devise to them most of testator's real and personal estate. Appellants, claiming to be heirs of said Johnson, in November, 1867, filed their petition in equity, in the Pike circuit court, against the persons named as devisees in said paper, seeking to vacate and set it aside on the alleged ground that the original, of which the paper recorded was represented to be a copy, if ever executed, was procured to be so executed by fraud and undue influence, &c. And by amended petition, they alleged that a number of said devisees, who, if really emancipated, were, at the time of testator's death, in 1862, required, as a condition of freedom, to assent to be removed from the State, had never done so, but remained in Pike county; and on this ground the plaintiffs, as heirs-at-law of said Johnson, claimed the estate pur-purporting to have been devised to said slaves. The circuit court sustained a demurrer to the petition as amended, and dismissed the action. *Held*—

*First.* That the demurrer was properly sustained to so much of the petition as sought to annul the supposed will, the remedy for that purpose, on the grounds disclosed, being exclusively by appeal to the circuit court. (*Hughey, &c., vs. Sidwell's heirs*, 18 *B. Mon.,* 259; *Civil Code, sec.* 519.)

*Second.* But as the petition, as amended, substantially alleged a refusal on the part of a number of said slaves to assent to their emancipation by removal from the State, and as, by the constitution and law of this State, in force at the death of Johnson, neither the emancipation nor the devises could take effect without removal or assent of the slaves to be removed; and that, from the alleged facts, the plaintiffs had such an interest in the estate as would

authorize them to maintain an action for its recovery, and that the court therefore erred in sustaining the demurrer to the entire petition.

JAMES E. STEWART,                                    For Appellants,
CITED. '
*Revised Statutes*, secs. 36, 38, chap. 106.
18 *B. Mon.*, 259 ; *Hughcy vs. Sidwell's heirs.*

R. T. BURNS,                                         For Appellees,
CITED—
18 *B. Mon.*, 260 ; *Hughcy vs. Sidwell's heirs.*
*Revised Statutes*, sec. 38, chap. 106.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The Pike county court, at its October term, 1867, entered of record the following order :

" This day a copy of the last will and *testimony* of Barnabas Johnson, deceased, was produced in open court, and proved by the oath of John Dils, jr., to be a copy of the last will and *testimony* of Barnabas Johnson; which was examined, approved of by the court, and ordered to be filed and recorded in the proper book," &c.

The said paper, which was accordingly recorded, and which is without date, purports to emancipate a number of slaves of the testator, and to devise to them most of his real and personal estate.

On the 30th day of November, 1867, the appellants, claiming to be the heirs-at-law of Barnabas Johnson, brought this suit in equity against the persons named as devisees in said paper, seeking to vacate and set it aside on the alleged grounds that the original, of which the paper recorded was represented to be a copy, if ever executed, was procured to be so executed by fraud and undue influence, and when said Johnson was incompe-

tent to make a will, and was not, in fact, his last will and testament. And by an amended petition, subsequently filed, the plaintiffs alleged that a number of said devisees, who, if really emancipated, were, at the time of the testator's death, which occurred, as alleged, in 1862, required, as a condition of freedom, to assent to be removed from this State, had never done so, but remained in Pike county; and on this ground the plaintiffs, as heirs-at-law of said Johnson, claimed the estate purporting to have been devised to said slaves.

The court sustained a demurrer to the petition as amended, and dismissed the action, and the plaintiffs have appealed from the judgment to this court.

Construing the order of the county court as a judgment of probate establishing the will till vacated or set aside, although it does not explain the non-production of the original paper, and is in other respects irregular, the first inquiry is, does the petition state facts conferring jurisdiction on a court of equity to impeach the order of probate, or annul the supposed will?

The manner of proving and contesting the probate of wills is regulated by section 519 of the Civil Code, embodying certain sections of chapter 106 of the Revised Statutes, by which the mode prescribed of contesting wills, after probate in the county court, is by appeal to the circuit court; jurisdiction being reserved to a court. of equity to impeach the decision of the county court "for such reason as would give it jurisdiction over any other judgment at law." And by the 12th subdivision of said section of the Code, jurisdiction is conferred on the chancellor to review the final decision of the *circuit court* admitting to record or rejecting a will, on the petition of certain parties.

VOL. V—37

It is obvious that neither of these provisions embraces this case, which, so far as it seeks to vacate or reverse the judgment of probate, is substantially analogous to the case of *Hughey, &c., vs. Sidwell's heirs* (18 *B. Monroe*, 259), in which it was held that the action should have been dismissed for want of jurisdiction.

We are of the opinion, therefore, that the demurrer was properly sustained to so much of the petition as sought to annul the supposed will—the remedy for that purpose, on the grounds disclosed in the petition, being exclusively by appeal to the circuit court.

But as the petition, as amended, substantially alleged a refusal on the part of a number of said slaves to assent to their emancipation by removal from the State; and as, by the Constitution and law of this State in force at the time of the death of Barnabas Johnson, neither the emancipation of the slaves nor the devises of the will to them could take effect without the removal, or assent of the slaves to be removed, it seems to us, from the facts alleged in the petition, the plaintiffs, as the heirs-at-law of said decedent, had such an interest in the estate which the will purports to devise as would authorize them to maintain the action for its recovery; and the court therefore erred in sustaining the demurrer to the entire petition.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.