CASE 16—PROBATE OF WILL—JANUARY 9.

# McCarty, &c. v. McCarty, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. A COUNTY COURT HAS NO AUTHORITY AT A SUBSEQUENT TERM TO VACATE OR SET ASIDE AN ORDER ESTABLISHING A WILL.—The Fayette County Court admitted a will to record May 28, 1869, and afterward said county court—August 5, 1869—entered an order declaring the order admitting the will to probate *null and void. Held,* that the order of August 5th was itself void, and should be disregarded not only by the county court, but by any other court.

2. *After a will has been admitted to record or rejected* the county court has no power to grant to the parties a new trial, or at a subsequent term to annul all the orders made in regard to the case at a previous term.

BRECKINRIDGE & THORNTON, . . . . For Appellants,

CITED

Civil Code, sections 369, 371, 579, 20, 22, 580.
Hardin, 362.                    1 Littell, —.
18 B. Monroe, 846, Kay v. Kean.
1 Bibb, 309, Heydon v. Lockhart.
5 Littell, 19, Rudd & Ferguson v. Johnson.
5 J. J. Marshall, —, Arnold v. Paxton.
2 Bush, 45, Small v. Small.
4 Bibb, 508, Wallace v. Usher.
4 Bibb, 85, McIlvoy v. Speed.

2 Duvall, 81, Jones & Kelly v. Commonwealth.
4 Bush, 590, Green v. Ball.
4 Bibb, 336, Watson v. Morrison.

H. MARSHALL BUFORD, . . . . . . . For Appellees,

CITED

13 B. Monroe, 311, Stevenson v. Huddleson.
5 Bush, 576, Walters v. Ratliff.
5 Littell, 280, Wells's will.
13 B. Monroe, 182, Taylor v. Talbott.
18 B. Monroe, 260, Hughey v. Sidwell's heirs.
Civil Code, sections 519, 579, 123.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Daniel McCarty and others, as heirs at law of Jeremiah McCarty, deceased, filed their petition in equity in the Fayette Circuit Court against Cynthia McCarty, the widow of the decedent, etc., alleging that at the time of his death he was seized in fee of a certain house and lot in the city of Lexington, and that no division thereof could be made between the heirs. They ask for a sale of the property, and a distribution of the proceeds of sale between the widow and heirs, according to their respective rights.

Cynthia McCarty, the widow, and the infant children of M. J. McCarty, all being defendants to the petition, file their answers, in which they allege that since the institution of the appellants' action the will of Jeremiah McCarty had been admitted to probate in the County Court of Fayette, the county of his residence. Copies of the orders admitting this will to probate are filed, as well as the copy of the will, by which the devisor gives to his wife the property in controversy for her life, and at her death to the children of M. J. McCarty. The order admitting the will to probate was made on the 28th of May, 1869, and the present appellants afterward, on the 5th of August, 1869, moved the county court to vacate the order admitting the will to probate, entered on the 28th of May previously; and on the hearing of this motion that court entered

an order declaring the order admitting the will to probate null and void.

The whole of this proceeding is made part of the record in the present suit, and the appellants insist that the order of the 5th of August, vacating the order of the 28th of May, is obligatory upon all the parties, and, if not, that its legal effect can not be questioned in a collateral proceeding of this kind, and that the jurisdiction of the circuit court over the judgments and final orders of the county court in matters of probate is by appeal only. The attention of the court is called to section 369 of the Civil Code, where the power is expressly conferred upon the court in which a verdict is entered, or a decision rendered to vacate the same and grant a new trial, for causes therein specified. The Revised Statutes prescribe the manner of proving and contesting wills in chapter 106, from sections 27 to 42, and the same proceedings are adopted by the Code of Practice, section 519, page 145. The only remedy provided for the unsuccessful party, where a will has been rejected or admitted to record by the county court, is by writ of error, or an appeal to the circuit court of the same county, and thence to the Court of Appeals. A will once admitted to probate by the county court must be contested in the manner pointed out by the statute; this special proceeding is adopted and regulated by law as applicable to wills alone, and the remedies afforded in such cases must be found in the statute, and nowhere else; there is no power given to the county court, after a will has been admitted to record or rejected, to grant to the parties a new trial, or at a subsequent term to annul all the orders made in regard to the case at a previous term. The rights of parties to property acquired under a will would be almost worthless if a county court, with its limited jurisdiction in such cases, could try and retry the question of will or no will whenever, in the opinion of that court, an erroneous judgment had been rendered. Pre-

vious to the adoption of the Code of Practice and the Revised Statutes, the validity of a will might be contested in a court of chancery, and also by an appeal to a superior court, and the courts of the country then, as now, had the power to vacate judgments and grant new trials; and this court, in the case of Taylor v. Tibbetts (13 Ben Monroe, 181), decided that a county court had no power at a subsequent term to set aside a probate of a will made at a previous term, and in the case of Wells's will (5 Littell) the same doctrine was recognized. In the case of Walters v. Ratliff (5 Bush, 577) a copy of the last will and testament of Barnabas Johnson was admitted to record as his last will. Some of his heirs at law instituted an equitable action, attacking the probate on the ground that the will was obtained by fraud, and in that case this court decided that the only mode of contesting the probate of wills was to be found in the statute, and that was by an appeal to the circuit court. We find that this statute, in order to protect fully the rights of parties in such cases, specially reserves the power in a court of equity to impeach a final decision in regard to a will, for such reason as would give it jurisdiction over any other judgment at law. The order probating this will by the County Court of Fayette was final and conclusive between the parties until reversed, annulled, or vacated by a superior tribunal.

There is no doubt that a court may set aside or disregard its own order, if void; but the decision of the county court, by which the order of the 28th of May admitting the will to record is pronounced null and void, does not make it so, for the reason that the county court had the jurisdiction to make the order, and was the proper tribunal in which to admit such writings to probate, and this all appears from the order as made. The will of Jeremiah McCarty never was rejected by the county court, and consequently no appeal could be prosecuted from the order of the 5th of August,

that order was itself void, and should be disregarded not only by the county court, but by any other court having jurisdiction over the rights of the parties touching the property involved in this controversy.

The judgment of the court below is affirmed.