ARCHER vs. MEADOWS and others.

JURISDICTION. — EQUITY. — PROBATE COURT. — *Wills procured, or the probate of which was procured, by fraud.*

1. Equity has no jurisdiction to set aside the probate of a will on the ground that such will was procured by fraud, practiced upon the testator.

Archer vs. Meadows and others.

2. Whether equity may in some cases set aside the probate of a will, on the ground that such *probate itself* was obtained by fraud *practiced upon the heir* or some other party interested in the estate adversely to the will, is not decided.

3. But where the alleged fraud in procuring probate consists merely in concealing the fact that the will was fraudulently obtained, this is no ground of equitable jurisdiction.

4. Under our statute (R. S., ch. 97, sec. 21), the probate of a will (whether of realty or personalty) in the proper county court is "conclusive as to its due execution," and hence conclusive that it was not obtained by fraud or undue influence.

5. Whether the county court itself has power to *set aside the probate of a will* therein, on the ground that it was procured by fraud, is not here decided.

[6. DIXON, C. J., concurs in the decision denying plaintiff relief in equity, only on the ground that he has an adequate remedy by application to the county court, which (he holds) has full power to open its decree establishing the will, and to hear testimony and decide upon charges of fraud, the evidence of which has been discovered since that decree, and to grant the appropriate relief.]

APPEAL from the Circuit Court for *Walworth* County.

The plaintiff appealed from an order sustaining the demurrer of the defendants to the complaint, on the ground, among others, that the court had no jurisdiction of the subject of the action. The character of the action will appear from the opinion, and from the report of the former appeal, *Holden v. Meadows and others*, 31 Wis., 284.

*Palmer, Hooker & Pitkin*, for appellant, argued, 1. That even if the county court would still entertain a motion to vacate the order probating the will and appointing the executor, that is no reason why plaintiff should not have the relief he seeks in this suit, because, (1.) Such a motion would be in the nature of a proceeding in equity ; and where such a motion would be entertained, a bill in equity will lie. (2.) The county court has no jurisdiction over the property sought to be reached, which has passed out of the hands of the executor. 2. That the circuit court has jurisdiction to grant the relief sought. Admitting that the judgment or order of the county court is

conclusive as to all matters that were adjudicated by it, or that it was in plaintiff's power to have brought before it for adjudication, it certainly is not conclusive as to any matters that were not and could not have been so adjudicated. Such a judgment or order is no more conclusive in its character than the judgments or decisions of courts of general jurisdiction. *Stowell v. Eldred*, 26 Wis., 504; *Bassett v. Warner*, 23 id., 684; *McLachlan v. Staples*, 13 id., 448. It is said that the case of a probate of a will obtained by fraud is an exception to the general power of courts of equity in cases of fraud. We think an examination of the cases will show that the exception is limited to frauds practiced *upon the testator in obtaining a will*, and does not extend to frauds practiced upon the court and the next of kin in procuring the will to be probated. 1 Story's Eq. Jur., § 184, note, and § 440 ; *Barnesley v. Powell*, 1 Ves. Sen., 284; *Gould v. Gould*, 3 Story, 516; *Gaines v. Chew*, 2 How. (U. S.), 619.

*Finches, Lynde & Miller*, to the point that the circuit court has no jurisdiction to set aside the will, or the probate thereof, cited 2 How. (U. S.), 619 ; 1 Paige, 171 ; 2 id., 396 ; 1 Coldw. (Tenn.), 288; 4 id., 70 ; 27 Tex., 173; 20 Cal., 233; 1 Johns. Ch., 153; 1 Edw., 260; 9 Peters, 180; 29 Md., 24; 6 Ired. Eq., 248; 1 Bradf., 360; 13 'Rich. (S. C.), 196; 3 Story, 1; 8 N. H., 124; 1 House of Lords Cases, 91.

LYON, J. This action was before this court at a former term, under the title of *Holden v. Meadows and others*, and is reported in 31 Wis., 284. The nature and purposes of the action are there sufficiently stated. Soon after the decision of this court in the case was announced, the plaintiff, Mrs. Holden, died, and the action has been duly revived in the name of the present plaintiff, who succeeds to the interest of Mrs. Holden. The complaint has since been amended, and a demurrer has been interposed thereto, identical with that interposed to the original complaint. The circuit court sustained the demurrer, and the plaintiff appeals.

It will be assumed, for the purposes of this appeal, that the additional averments contained in the amended complaint are sufficient to excuse the *laches* of Mrs. Holden, upon which alone the former decision was based.   This makes it necessary to determine the question (which was somewhat discussed, but not decided, when the case was here before), whether a court of equity has jurisdiction to set aside a will and the probate thereof, for fraud, after such will has been admitted to probate by the proper court.

It was said in the former opinion, that the cases which deny the jurisdiction of courts of equity to set aside the probate of wills obtained by fraud are very numerous both in this country and in England.   The learned counsel for the plaintiff makes the point in his argument, that the restriction upon the jurisdiction of courts of equity is limited to frauds practiced upon the testator in obtaining the will, and does not extend to a case wherein the probate has been fraudulently obtained. We do not understand that the counsel claims that equity has jurisdiction to set aside a will fraudulently obtained, after the same has been admitted to probate by a competent court. And, indeed, in the present state of the authorities it is believed that no such claim can be made successfully.   After a most careful and laborious search, we have been unable to find a single case in modern times in which such jurisdiction has been asserted.   It is not deemed necessary to mention here the numerous cases in which the jurisdiction of courts of equity in such cases has been denied.   Many of them are cited in the brief of the counsel for the defendants, and in the former opinion in this case.   But has a court of equity power to set aside the probate of a will where such probate has been obtained by fraud ?

Our attention has been called to a single case (and we have been unable to find another) in which a distinction was made between setting aside a will fraudulently obtained, and setting aside the probate of a will to which the consent of the heir

was obtained by fraud. *Barnsley v. Powel,* 2 Vesey, Sen., 284, decided in 1749. In that case it was held that a court of equity has power to annul the probate of a will thus obtained. The views of Lord HARDWICKE are so much in point on the question here involved, that I am justified in quoting from his opinion at some length. After citing some authorities which hold that a court of equity is powerless to set aside a will fraudulently obtained, and recognizing that as the settled law, he proceeds as follows: " But there is a material difference between the courts taking on them to set aside a will of personal estate on account of fraud or forgery in obtaining or making that will, and taking from the party the benefit of a will, established in the ecclesiastical court by his fraud, not upon the testator, but upon the person disinherited thereby, and claiming after the testator's death against it. Fraud in obtaining a will infects the whole, but the case of a will of which the probate was obtained by fraud on the next of kin, is of another consideration; upon which foundation this probate stands, being obtained from the plaintiff by fraud upon him, a weak man, and since found to be a lunatic, by the defendant's own acts, subsequent to the death of the testator. The method of doing which was found on an agreement containing a covenant for the plaintiff's doing all acts demanded of him by *Powel;* in consequence of which a special proxy under hand and seal was obtained from him, confessing the allegations; upon which sentence was pronounced of *probate* to the defendants, the executors. This *probate* depends on that deed; and is anything more proper for this court to inquire into, and set aside for fraud, if proved, than such a deed? If a warrant of attorney to confess judgment was obtained from him, though I will not say the common law courts could not set it aside, yet a bill might be brought here in cases where they could not. This then is a ground of jurisdiction in this court distinct from the will itself." The Lord Chancellor also expresses the opinion that the ecclesiastical court had no power

Archer vs. Meadows and others.

to set aside the fraudulent proxy, which is another reason for the interference of a court of equity.

It will be observed that the court of chancery assumed jurisdiction in that case upon two grounds : 1st, because the relief sought consisted in setting aside the probate of the will, which depended upon a *deed* fraudulently obtained ; and 2d, because the probate court had no power to set aside such fraudulent deed. Here we have no such case. In this case the probate depends upon the will, and cannot be annulled unless the will was fraudulently obtained. The fraud charged consists in concealing the fact that the will was obtained fraudulently ; hence, if it was not so obtained, there could have been no fraud in procuring the probate thereof. Before the court can adjudge that there was fraud in procuring the probate of the will, it must adjudge that the will was fraudulently obtained. This, as we have seen, a court of equity has no power to do, such power being exclusively in the probate court. Unlike the case of *Barnesley v. Powel*, therefore, we find in the present case no grounds "distinct from the will itself" for the exercise of the jurisdiction of a court of equity.

In Texas and Kentucky, and possibly in some other states, power is conferred by statute upon a court of equity to impeach the judgment of a probate court, establishing a will, "for such reason as would give it jurisdiction over any other judgment at law." *Walters v. Ratliff*, 5 Bush (Ky.), 575 ; *Renn v. Samos*, 33 Texas, 760. Whether a law of this kind in this state would not promote the ends of justice, is a question worthy of the consideration of the legislature.

It may be observed that in England, and in some of the states, the exclusive jurisdiction of the probate courts in the matters above mentioned is confined to wills of personal estate. It is quite unnecessary to state the grounds of the distinction between wills of personal and wills of real estate, because such distinction is abolished by statute in this state. R. S., ch. 97, sec. 21 ; (Tay. Stats., p. 1207, § 21). The section is as follows :

" No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the county court, as provided in this chapter, or, on appeal, in the circuit court or supreme court; and the probate of a will of *real* or *personal* estate as above mentioned, *shall be conclusive as to its due execution.*"

The last provision was doubtless inserted for the express purpose of making the probate of a will devising real estate as conclusive as the probate of a will bequeathing personalty. The probate is made conclusive as to the *due execution* of the will. If the will in question was procured by fraud upon and undue influence over the mind of the testator, then it was not duly executed. Hence the allowance of the will by the county court is an adjudication that it was not so procured, and such adjudication is conclusive of the fact. *Parker v. Parker,* 11 Cush., 519, and cases cited.

In conclusion, while I do not say that the plaintiff has no remedy, I am well satisfied that, under existing laws, if he has one, it must be pursued in the probate court, and not in the circuit court by original bill. But it must be distinctly understood that this court does not decide that the county court has power to set aside the probate of this will, neither does it intimate any opinion on that question.

The order of the circuit court, sustaining the demurrer to the amended complaint, must be affirmed.

DIXON, C. J. I concur in the decision of the court, but do so only on the ground that the plaintiff has adequate remedy by application to the probate court to open or set aside the decree admitting the will to probate, and to hear testimony and decide upon the charges of fraud now made, the evidence of which has been discovered since the proving and allowance of the will, and to grant the appropriate relief. Under no other circumstances could I bring my mind to the same conclusion with regard to the jurisdiction of a court of equity in cases of

this description. I could never hold that parties thus aggrieved are without remedy of any kind, and, there being no jurisdiction elsewhere, I must have held that equity had the power, and must administer the proper relief, notwithstanding the multitude and uniformity of the decisions to the contrary. If we take, for example, the extreme case, sometimes put in the books by way of illustrating the want of power in a court of equity, of a forged will the probate of which has been secured by perjury, and the forgery has been afterwards discovered and the perjury brought to light, I could never consent in such a case that the heir was without a remedy. I could never yield to such monstrous injustice. If no relief could be obtained in probate and none at law, I must hold a court of equity competent to grant it, and that it should do so. And especially would I so decide, when, as Judge STORY (1 Eq. Juris. § 440) says, it is not easy to perceive, in point of reason or principle, the grounds upon which this exception to the jurisdiction of courts of equity in matters of fraud stands, although it is clearly settled by authority. I could not under such circumstances allow myself to be carried away by the current of authority, however strong it might be.

But I am fortunately relieved from placing myself in any position of antagonism to the authorities, and from all other difficulties about the question, by the view which I take of the power and jurisdiction of the probate court. I hold that the probate court has power to grant relief in such cases by revocation of its decree approving the will, and that this remedy is always open to the injured party, unless the same has been lost by the lapse of time and neglect to prosecute, or barred by the statute of limitations. Entertaining this view, it follows as of course that equity will deny relief and dismiss the action, because the party has a sufficient remedy in another and more appropriate form of proceeding and before a different tribunal, established by law for that purpose. In this view the exclusive jurisdiction conferred upon courts of probate becomes very significant.

The doctrine that courts of probate possess this power of re-vocation and repeal of their former acts and decrees under certain circumstances, has been more than once asserted by this court. *In re Fisher*, 15 Wis., 511; *Betts v. Shotton*, 27 id., 667. The only question which could arise in a case of this kind would be, whether such power extends to the revocation of a decree allowing a will, where the making of such will was procured by fraud, not then known but afterwards discovered, or where the allowance was obtained by a fraud. In *In re Fisher*, the doctrine is broadly asserted that the court may revoke any order procured by fraud; and upon examination of the authorities I find the power includes the revocation of decrees approving wills, as well as other judgments and orders of the court. The jurisdiction of courts of probate in this respect seems to be very similar to that exercised by courts of chancery upon bills of review, or bills in the nature of bills of review, brought to examine and reverse decrees made upon former bills; or like that possessed upon bills to impeach decrees upon the ground of fraud. This power of the probate courts is, of course, not an unlimited one, but confined to cases of fraud, mistake, irregularity, want of jurisdiction and the like. In *Campbell v. Thatcher*, 54 Barb., 386, I find the law thus stated by the court: " As indispensable to the administration of justice, surrogates' courts have, to a limited extent, exercised the right of revoking acts done by them; as where a decree was obtained by collusion or fraud, Toller on Ex'rs, 73; where a later will has been produced, Will on Ex'rs, 478; where, after a will has been admitted to probate, the party supposed to be dead appears; where through accident or mistake a decree was taken by default, *Pew v. Hastings*, 1 Barb. Ch. R., 452; where a decree for distribution had been made, but before distribution a legatee, not known to be in existence, appeared; where the court had acted without acquiring jurisdiction of the person; or where a party in interest had not been cited; or where no guardian had been appointed for an infant; where an order was actually

made but not entered, it might, by order entered *nunc pro tunc*, vacate any act or proceeding which was irregular and void, 8 Paige, 12, 127; 10 id., 318; 3 Barb., 341; 1 Barb. Ch. R., 302; 1 Hill, 139; and in *Sipperly v. Baucus*, 24 N. Y., 46, it was held that the court might correct any mistake, the result of accident; but such court can go no further. Where parties in interest have been represented at the hearing, and final sentence or decree has been given, such court has no general power of opening or reversing its decree, on the ground that it erred as to the law, or decided erroneously upon the facts."

And the case of *Waters v. Stickney*, 12 Allen, 1, is a most learned and elaborate discussion of the whole subject of the power of a court of probate to revoke the probate of a will, and in which a multitude of precedents and authorities are collected and examined. The case fully vindicates the views for which I contend. It is there held that the probate court, after admitting a will to probate, and after the time for appealing from the decree has passed, may admit to probate a codicil to the same will, written upon the back of the same leaf upon which the will was written, if such codicil escaped attention and was not passed upon at the time of the probate of the original will. And see likewise *Richardson v. Hazelton*, 101 Mass., 108; and *Mauro v. Ritchie*, 3 Cranch Cir. Ct. R., 147.

Unable to concur in the decision of the court without expressing my convictions upon this question and assigning them as the reasons for my concurrence, I content myself with these references, believing that they will be found all and even more than is necessary to sustain the conclusions at which I have arrived.

*By the Court.*—Order affirmed.