CASE 13—PROCEEDINGS BY THE COMMONWEALTH AGAINST THE ADAMS EXPRESS COMPANY FOR THE LISTING OF OMITTED PROPERTY FOR TAXATION.

# Commonwealth v. Adams Express Co.

Appeal from Mason Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From a judgment of the Circuit Court dismissing an appeal from a judgment of the County Court in favor of defendant the Commonwealth appeals. Affirmed.

Taxation—Omitted Property—Special Proceeding—New Trial—Filing Appeal—The listing for taxation of omitted property is a special proceeding wholly regulated by sec. 4241 Ky. Stats., for which an appeal is provided from the decision of the county court to the circuit court, which under sec. 728 of the Civil Code must be filed in sixty days from the rendition of the judgment, and there being no power given the county judge after he has entered his judgment, to grant a new trial any orders which he may make in noting the filing of or overruling a motion for a new trial are void and do not stay the proceedings on the judgment, and the appeal is lost unless filed within sixty days from the rendition of the judgment.

A. B. & A. D. COLE AND J. M. COLLINS for Commonwealth Appellant.

W. H. WADSWORTH for Appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

John J. O'Donnell, an auditor's agent, filed his statement in the Mason county court against the Adams Express Company, seeking to have certain property listed for taxation under section 4241, Ky. St., 1903, alleging that the property had been omitted from the list filed by the Adams Express Company. The company denied that it had omitted any property from its list, and on the issue thus joined proof was taken, and upon final hearing on September 4, 1905, the county judge dismissed the original statement and the several amendments thereto, and adjudged that the express company had not omitted any of its property for the years named in the statement and its amendments. The auditor's agent thereupon filed a motion and grounds for new trial. No further steps were taken in the case until January 1, 1906, when the county judge overruled the motion for a new trial, and the commonwealth tendered its bill of exceptions, which was signed by the Judge, filed and made part of the record. The case was then taken to the Mason circuit court and docketed for trial as an appeal case. At the February term, 1906, of the Mason circuit court, the express company moved to dismiss the appeal, on the ground that it had not been taken within the time required by law after the rendition of the judgment appealed from, and the circuit court sustained the motion and dismissed the appeal.

The original judgment was rendered September 4, 1905. The appeal was taken January 1, 1906, which was, of course, more than 60 days from the date of the rendition of the judgment appealed from; and unless the motion for a new trial filed by the common-

wealth on September 4, 1905, stayed proceedings until it was overruled on January 1, 1906, the commonwealth must fail. Section 4241, Ky. St., 1903, provides the manner in which the auditor's agent must proceed. This section is complete in itself. It gives to the county judge the right to exercise his discretion in determining whether or not the property sought to be taxed is subject to taxation as omitted property, and it then provides that, when this discretion has been exercised, either party feeling himself aggrieved may appeal, as in other civil cases. Section 729, Civil Code Prac., provides that all appeals from a judgment of a county court must be prosecuted within 60 days from the date of the judgment appealed from. Section 4241 makes no provision for a new trial, and says distinctly that the party not satisfied with the judgment of the court may appeal. Section 725 of the Code provides the manner in which the appeal is taken. The listing for taxation of omitted property is by special proceeding, regulated wholly by statutory provision. It was evidently the purpose of the legislators, in providing for an appeal from the judgment of the county court, to provide a speedy method for final determination as to whether or not the property sought to be subjected should be taxed, and hence they made no provision for application for a new trial before the county judge, but provided for an appeal direct from his ruling, thus securing to both the commonwealth and the party sought to be taxed a speedy determination of the questions in issue. This court has held, in the case of Taylor v. Tibatts, 13 B. Mon., 177, that, where a will had been admitted to probate in the county court, the court could not thereafter grant a retrial or set aside the order of probate made at a previous term. And again, in the case of McCarty v. McCarty, 8

Bush, 504, where an order had been entered in the county court admitting to probate a will, and thereafter application was made to vacate the order of probate, and the court, on hearing of the motion to vacate, entered an order declaring the order probating the will null and void, this court, Judge Pryor delivering the opinion, said: ''The only remedy provided for the unsuccessful party, where a will has been rejected or admitted to record by the county court, is by writ of error or an appeal to the circuit court of the same county, and thence to the court of apepals.· The will, once admitted to probate by the county court, must be contested in the manner pointed out by the statute. This special proceeding is adopted and regulated by law as applicable to wills alone, and the remedies afforded in such cases must be found in the statute, and nowhere else. There is no power given to the county court, after a will has been admitted to record or rejected, to grant the parties a new trial, or at a subsequent term, to annul the orders made in regard to the case at a previous term.''

The same rule of reasoning may, by analogy, be applied to the case at bar. The only remedy provided for the unsuccessful party, where the property has been listed by the county judge, or he has refused to list same, is by an appeal to the circuit court, and a judgment entered by the county court must be contested in the manner pointed out by the statute. This special proceeding is adopted and regulated by law as applicable to the listing of omitted property for taxation, and the remedies afforded in such cases must be found in the statute, and nowhere else. And, there being no power given the county judge, after he had entered his judgment refusing to list the property sought to be taxed, to grant to the parties a new trial,

the orders which he made in noting the filing of the motion for a new trial and in overruling same were void, and of no binding force or effect, and they did not stay proceedings on the judgment.

The judgment is affirmed.