## Sevier's Executrix, et al. v. Commonwealth.

(Decided June 11, 1918.)

### Appeal from Clay Circuit Court.

1. Taxation—Inheritance Tax—Proceedings—Approval by Auditor. —Construing secs. 4258 and 4263-4, Ky. Stats., together, approval by Auditor of suit for collection of delinquent inheritance taxes, before filing, required by sec. 4263-4, may be made by the Auditor himself or supervisor of revenue agents.
2. Taxation—Inheritance Tax—Accord and Satisfaction—Settlement With Sheriff.—Settlement and payment to sheriff of delinquent inheritance taxes, being unauthorized by statute, is no defense to suit to recover such taxes, interest, and penalties.
3. Taxation—Inheritance Tax—Ignorance of Law—Officers.—Neither ignorance of the law on the part of property owners or assessing and collecting officers, nor dereliction of duty on the part of such officers is a defense to any such action.
4. Taxation—Inheritance Tax—Proceedings—Appraisers.—The statute imposing the trial of all issues by the court in such action

excludes the appointment of appraisers to fix the value of property therein involved subject to inheritance tax.

5.  Taxation—Inheritance Tax—Valuation.—The valuation of property for purposes of the inheritance tax expressly provided for by statute must be accepted, and not its valuation as fixed by the county board of supervisors for state and local taxation.

6.  Taxation—Inheritance Tax—Proceedings—Jury.—In suit to collect delinquent inheritance taxes, all issues are to be tried by the court, and it was error to submit to a jury the question of the value of the property therein involved subject to such tax.

7.  Taxation—Inheritance Tax—Appeal to Circuit Court—Proceedings.—On appeal to circuit court, such action is to be tried de novo; and plaintiff may not, by amendment, set up a new and independent cause of action, but defendant may, in the court's discretion, change or set up any appropriate defense.

RAWLINGS & WRIGHT and JOHN H. WILSON for appellants.

A. T. W. MANNING and MANNING & LUTTLE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing on original and affirming on cross-appeal.

William H. Sevier died testate in November, 1913, a resident of Clay county, and by his will devised his property, both real and personal, to collateral kindred. This action was instituted in the Clay county court November 16, 1916, three years after Sevier's death, for the Commonwealth, by a revenue agent against the executrix and devisees of decedent to ascertain and have certified to the sheriff for collection the amount of the inheritance tax due the Commonwealth from his estate, the several items of property being described and valued separately, the value of the personal property alleged to be $8,439.35 and that of the real estate $12,000.00. The petition was endorsed: "This suit is approved, L. B. Greene, Supervisor of Revenue Agents, November 14, 1916."

The defendants, after a demurrer to the petition had been overruled, filed answer in which they did not deny any of the allegations of the petition, but set up as a defense to the action a settlement which they had made with the sheriff of Clay county, after the suit had been filed, and the payment to him of the amount of the inheritance tax due the Commonwealth, as determined by that settlement, for which he had given them his receipt. A demurrer to this answer was sustained and, upon their refusal to plead further, judgment was entered fixing

the value of the property as alleged in the petition and directing the clerk of the court to certify to the sheriff for collection the amount of the tax and penalties due under the law upon such valuation, less the amount theretofore paid to the sheriff under the attempted settlement. From this judgment defendants appealed to the circuit court, where they renewed their demurrer to the petition, which was again overruled, and they were permitted to file an amended answer, over the objection and exception of plaintiff, in which they allege:

(1)   That, when this action was filed and at the time of the settlement with and payment to the sheriff, set out in their original answer, the county clerk did not have and was not keeping a book in which to record the values of inheritances, devises, bequests and other interests, subject to the payment of taxes, as required by section 4281q Kentucky Statutes; that the Clay county court had not appointed any appraiser or appraisers to value the land, as required by section 4281k Kentucky Statutes; that the county clerk had made no statement to the sheriff, as provided by section 4281p, covering the inheritance tax due from the estate of William H. Sevier; that the sheriff had not notified the county attorney, as required by section 4281o; that the county attorney had instituted no suit to collect the inheritance tax due from decedent's estate; and that appellants and the county officials alike were ignorant of the inheritance tax law and its requirements.

(2)   That the value of decedent's real estate, at the time of his death, did not exceed $3,000.00.

(3)   That the board of supervisors of Clay county fixed the value of decedent's real estate for taxation for 1914 at $2,600.00; and that this action of the board of supervisors "fixed, concluded and determined the value of such real estate upon which plaintiff should collect the inheritance tax."

Upon motion of plaintiff, after its demurrer to the answer, as amended, had been overruled, every allegation of the amended answer was stricken except the allegation, "they say that the value of said real estate at the death of said William H. Sevier did not exceed in value $3,000.00;" and the court, upon its own motion, entered the following order: "Ordered that this cause be assigned to the 17th day of the present term of this court for

trial as to the value of the lands of decedent, William H. Sevier, as of the date of his death, November, 1913, before a jury,'' to which ruling of the court both plaintiff and defendants excepted. The value of the land at the time of Sevier's death, the only issue of fact, was submitted to a jury and by them fixed at $6,000.00, whereupon the court entered a judgment remanding the case to the county court with directions to enter a judgment assessing the personal property at $8,439.35 and the real estate at $6,000.00; and that the same be certified by the clerk of the Clay county court to the sheriff for collection of the taxes due thereon, together with interest and penalties, as directed in the judgment appealed from, which gave defendants credit for the amount they had paid to the sheriff. From this judgment defendants have appealed and plaintiff has prosecuted a cross-appeal.

1.   The first reason urged upon us by defendants for a reversal is that the action was not authorized by the Auditor, as required by section 4263-4, Kentucky Statutes. The petition bears the endorsement of the approval by the supervisor of revenue agents, whom the Auditor is authorized to appoint by section 4258, Kentucky Statutes, and whose duty it is therein prescribed, shall be to supervise the action of each revenue agent in the state, ''and no action or proceeding shall be instituted by any revenue agent until the same is approved by said supervisor or the Auditor of Public Accounts.'' It will, therefore, be seen that it is expressly provided by statute that the required approval by the Auditor, before the institution of an action by a revenue agent, may be made either by the Auditor himself or his appointee, the supervisor of revenue agents, whose duty it is to supervise such agents, and the approval by the latter was all that was required.

2. The next insistence is that the settlement with the sheriff, made after the suit was instituted, was a full accord and satisfaction of the claim sued on. This contention is manifestly without merit, since the sheriff is authorized to accept payment of and receipt for inheritance taxes only after the property liable to such taxes has been valued or about the value of which there is no question, and he has no authority to fix the value of property for the purposes of such taxation, this duty being

imposed by section 4281k, Kentucky Statutes, upon appraisers appointed by the county court whenever the value is uncertain. When such a valuation has not been fixed and the amount certified to the collecting officer before the expiration of the time in which same is required to be done and the taxes paid thereon, revenue agents are expressly authorized, by an act approved March 24, 1916, upon the approval of the Auditor, to institute an action such as this one to secure the assessment and certification to the proper collecting officer of property thus omitted; and the sheriff has no authority, either before or after the institution of such an action, to fix the value of such property for the purpose of determining the amount of inheritance taxes due thereon. Nor could he, even if the value of the property were certain, by the acceptance of the amount of taxes due, relieve a delinquent party of liability for penalties which had theretofore accrued and were due the revenue agent in an action already instituted.

Appellants also contend in this connection that they were ignorant of the law, as were also the county officials who failed to perform their duties in reference to the assessment and certification of decedent's property for the inheritance tax, and that they, therefore, ought not to be charged with penalties. It surely needs no argument or citation of authority to prove that neither ignorance of the property owners nor that of the assessing officers, nor the failure of the latter to perform their duties, can be urged as a defense to an action to enforce the assessment of omitted property and the collection of the taxes due the state, or the penalties due the revenue agent for his services in compelling the assessment of the omitted property and payment of the taxes due thereon.

Equally without merit is the argument that, after this suit had been instituted, it was the duty of the court to appoint an appraiser to fix the value of the real estate under section 4281k, Kentucky Statutes, as this section evidently applies to *ex parte* proceedings, as is shown by provision for notice by mail to all known interested parties, and has no application when a suit has been filed by a revenue agent, since all issues that are raised in such an action are, by sections 4241 and 4260, to be tried and determined by the court. Stearns Coal & Lumber Co.

v. Commonwealth, 167 Ky. 51; Commonwealth v. Leslie
County, 174 Ky. 10.

3. The contention of appellants that the valuation
of the real estate fixed by the board of supervisors of
Clay county for 1914 is conclusive of its value in this
action is clearly untenable, since the statute expressly
provides for a different method of assessing property
subject to inheritance taxes and by different officials and
regardless of its assessment for ordinary taxes. It is
therefore apparent that the only defense or issue raised
by the amended answer was as to the value of the real
estate, and the court did not err in striking out all other
allegations.

4. The next objection of the defendants is that the
circuit court erred in submitting to a jury the question
of the value of the real estate, over the objection and
exception of the defendants. In Stearns Coal & Lumber
Co. v. Commonwealth and Commonwealth v. Leslie
County, *supra,* this question was considered, and it was
held that the provisions of the statute nowhere give
room for the intervention of a jury, and that a trial by
a jury, over the objection of the appellant, was a denial
of a trial as provided by law. As this will necessitate a
reversal of the judgment, it is not necessary to consider
the evidence before the jury upon the question of the
value of the land.

5. Upon the cross-appeal, it is insisted by plaintiff
that the defendants were limited, upon appeal to the cir-
cuit court, to the defense presented in the county court,
and that the court erred in permitting defendants to
file the amended answer contesting the value of the real
estate alleged in the petition. This contention can not be
sustained, since, under the express provisions of Civil
Code, sections 700 and 726, and Kentucky Statutes, sec-
tions 4241, 4260, on an appeal to the circuit court from
the county court, in proceedings such as this for the list-
ing of omitted property for taxation, the trial is to be
*de novo,* Commonwealth v. Reed, 121 Ky. 432, and while
plaintiff can not amend his pleading so as to set up a new
and independent cause of action, since the action to be
tried on the appeal must be the same as was tried in the
lower court, the defendant has the right to make all the
defenses he has, and it is within the discretion of the
court in which the appeal is pending for a new trial *de*

*novo* to allow the defense changed or a new defense to be made as if the case had been originally brought in that court. Willis v. McNealm, 8 Ky. L. R. 411; Southern Lumber Co. v. Wiseman, 19 Ky. L. R., 585, 41 S. W. 297; Roberts v. Abner, 19 Ky. L. R. 887, 42 S. W. 337.

Wherefore, the judgment is affirmed upon the crossappeal, and upon the original appeal is reversed and remanded for proceedings consistent herewith.