REVENUE CABINET COMMONWEALTH OF KENTUCKY, Appellant,

v.

ESTATE OF Effie YOUNG, James H. Young, Executor, Appellee.

No. 87–CA–608–S.

Court of Appeals of Kentucky.

April 8, 1988.

G. Scott Staples, Revenue Cabinet, Frankfort, for appellant.

Herbert B. Sparks, Edmonton, for appellee.

Before COMBS, COOPER and WILHOIT, JJ.

COOPER, Judge.

Appellant Revenue Cabinet appeals from an adverse decision of the Franklin Circuit Court, affirming an order of the Board of

Tax Appeals [hereinafter "board"]. The board had held that if real property classified as agricultural/horticultural has not been assessed for ad valorem tax purposes, then, and only then, could the Revenue Cabinet make a determination of agricultural value for inheritance tax purposes.

At issue is the interpretation of two statutes—KRS 140.330 and KRS 140.165—and the ability of the Revenue Cabinet to redetermine the agricultural/horticultural value for inheritance tax purposes in lieu of the previously assessed value placed on the land for ad valorem tax purposes. This is a case of first impression in this state. Reviewing the record and statutes, we reverse and remand.

The statutes at issue are set forth in pertinent part as follows:

[KRS] 140.330. Land presumed assessed at agricultural value—Procedure when not so assessed.—In the event the qualified real estate is reported for inheritance tax purposes at its agricultural or horticultural value and that real estate has been assessed at its agricultural or horticultural value for ad valorem tax purposes, then that assessment shall be *presumed* to be its agricultural or horticultural value for inheritance tax purposes. If, however, the real estate has not been so assessed for ad valorem tax purposes, then the agricultural or horticultural value shall be determined pursuant to KRS Chapter 132 and such regulations as may be promulgated by the department of revenue to determine horticultural or agricultural value for inheritance tax purposes. (Emphasis added.)

[KRS] 140.165. Audits, appraisals and examinations—Finality of return and payment.—The department may make such audits, appraisals, and examinations of records according to KRS 131.130 to properly supervise the collection of all taxes due under the provisions of this chapter.

Effie Young died testate on January 11, 1981, leaving four tracts of land at the heart of this dispute. Three tracts she left in fee simple to her son, appellee herein, and a fourth tract she left as a life estate to appellee with a remainder over to the testatrix's three grandchildren. For purposes of this appeal, we need make no further distinction between fee simple and life estate interests because there is no correlation between those interests and the property classifications that we are dealing with in this appeal.

Three of the four tracts were reported on the inheritance tax form at their agricultural/horticultural value as previously assessed for ad valorem tax purposes by the local property valuation administrator [hereinafter "PVA"]. The fourth tract was reported at its fair cash value [hereinafter "fcv"] from the local tax records. The value of these properties, along with other assets of the estate, resulted in a tax due of $3,117.00, which was duly tendered. However, the Revenue Cabinet (RC) conducted an audit and reassessed the property. Both sets of values are given below:

|  | PVA Value | | RC Audit |
|---|---|---|---|
| 1) Polson Farm | $56,800 | agr. value | $154,000 |
| 2) Shirley Homeplace | 50,000 | agr. value | 99,000 |
| 3) Hoover Farm | 17,200 | agr. value | 38,000 |
| 4) Ball Place | 32,000 | fcv | 36,500 |
| Totals | $156,000 | | $327,500 |

With the higher assessments placed on these properties, the total tax due the state was $15,039.74, resulting in a deficiency of $11,922.74. Although there were a couple of other minor changes in the audit relative to qualified heirs' exemptions and discount for early filing, the increase in tax liability that is before us appears to be solely as a result of the higher values placed on the real property by the reassessment of the agricultural values.[1]

The Revenue Cabinet issued a notice of tax due for the above deficiency, to which the estate's accountant filed a protest. A conference was held with the Division of Audit Review and Protest Resolution, at which no agreement was reached.

---

1. The Ball Place was sold on January 30, 1982 for $36,500; therefore this value was used for the fcv.

A hearing was subsequently held before the board, and the board sided with appellee and ruled that the agricultural assessment for ad valorem purposes is conclusive for inheritance tax purposes. The board concluded in its order:

If, and only if, the real estate had not been assessed for ad valorem tax purposes, then, and in that event, the agricultural value could have been determined pursuant to Chapter 132 and the regulations promulgated by the Revenue Cabinet.

The board did agree with the auditor that the Ball Place should be valued at its actual sale price, rather than the fcv as reported by the PVA. This finding was not appealed further.

The Revenue Cabinet appealed the board's order to the Franklin Circuit Court pursuant to KRS 131.370. Both sides asked the circuit court to decide whether the presumption in KRS 140.330 is rebuttable or irrebuttable. Appellant argued that it was rebuttable and that the Revenue Cabinet's reappraisal successfully rebutted the PVA appraisal. Appellee in turn argued that the presumption was an irrebuttable one, but that if the court should decide otherwise on this issue, then the court should find that the Revenue Cabinet failed to overcome the presumption. The circuit court, without specifically stating that the presumption is irrebuttable, concluded that the board's order was in conformity with the law. KRS 131.-370(3)(c). An appeal to this Court was then taken by the Revenue Cabinet.

We cannot agree with the board and circuit court that the presumption in the statute is irrebuttable. We are persuaded by the logic in appellant's arguments that had the legislature intended that the value of qualified real estate assessed for ad valorem taxes to be conclusive for inheritance tax purposes, then the legislature would have omitted the word "presumed." This word is a term of art in judicial circles and we do not believe that the legislature included it in the statute unnecessarily.

We are also mindful of the fact that PVAs who make the ad valorem assessments, are under the "direction, instruction and supervision" of the Revenue Cabinet. KRS 132.420(1); *Allphin v. Butler,* Ky., 619 S.W.2d 483 (1981). The cabinet may require the PVA to correct assessments it disagrees with. *Allphin, supra* at 485; KRS 132.690(3); KRS 133.040(1). Therefore, the PVA does not act independently of the Revenue Cabinet, and the cabinet is not bound by his assessments. *Allphin, supra* at 484.

We draw an analogy to the fact that the Revenue Cabinet is not bound by the PVA value on other inherited property. KRS 140.170 states in pertinent part:

(2) After investigation [by a court-appointed appraiser], the department may change the value of the estate for inheritance taxes and advise the representatives of the estate of this changed valuation after the receipt of a completed tax return and full payment as shown by the tax return.

*See also Commonwealth v. Wood,* 289 Ky. 649, 159 S.W.2d 403 (1942); *Sevier's Ex'x v. Commonwealth,* 181 Ky. 49, 203 S.W. 1070 (1918); 2 J. Merritt, *Kentucky Practice, Probate Practice and Procedure* § 1608 (2d ed. 1984). We see no palpable distinction between the ability to reassess agricultural/horticultural land and the ability to reassess other property for inheritance tax purposes.

Because both the board and the Franklin Circuit Court in effect found the presumption to be irrebuttable, they did not pass on the merits of the reassessment and on the issue of whether the Revenue Cabinet had successfully rebutted the statutory presumption thereby. Therefore, we must reverse and direct the circuit court to remand the action to the board for a determination of whether the Revenue Cabinet rebutted the presumption that the agricultural/horticultural assessment for ad valorem taxes is the correct value for inheritance tax purposes.

We conclude that the statutory presumption may be rebutted by substantial evidence of probative value. *Wells v. Hamilton,* Ky.App., 645 S.W.2d 353 (1983); *Carroll v. Carroll,* Ky., 251 S.W.2d 989 (1952); *cf. Kentucky Board of Tax Appeals v. Gess,* Ky., 534 S.W.2d 247 (1976); Revenue

Pol. 92–P–60 (eff. 6/1/83). If the board determines, on remand, that the Revenue Cabinet's appraisal constitutes substantial evidence sufficient to rebut the presumption, the taxpayer shall then have an opportunity to present additional evidence in an attempt to convince the board that the true agricultural value of the property is closer to that of the PVA than to the reassessed value. Ultimately, any factual issues concerning the adequacy and correctness of each assessment must be determined on the evidence. *Hamilton, supra* at 355; *Carroll, supra* at 991.

The judgment of the circuit court is hereby reversed and remanded for proceedings consistent with this opinion.

Pursuant to 2.(a) of the Order designating this action as a Special Appeal, the application of CR 76.20 and 76.32, as well as all other appropriate appellate rules, is reinstated effective the date of this opinion.

All concur.