# Court of Appeals of Kentucky.

## APRIL TERM, 1903.

115 293
e118 930

115 293
f121 438

CASE 35—PROCEEDING BY AUDITOR'S AGENT OF MASON COUNTY AGAINST CHRISTIAN F. SWEIGART'S ADMR. TO COLLECT TAXES ON PROPERTY OF DECEDENT'S ESTATE OMITTED TO BE ASSESSED.—APRIL 15.

## Commonwealth v. Sweigart's Admr.

APPEAL FROM MASON CIRCUIT COURT.

FROM A JUDGMENT SUSTAINING A DEMURRER TO PLAINTIFF'S STATEMENT, PLAINTIFF APPEALS. REVERSED.

TAXATION—OMITTED PROPERTY—SUFFICIENCY OF DESCRIPTION—DEMURRER—MOTION TO MAKE MORE SPECIFIC—LIABILITY OF HEIRS FOR OMITTED TAXES.

Held: 1. In a proceeding to assess property omitted to be listed for taxation, an information alleging that the owner "was possessed of a large estate, consisting of notes, mortgages, choses in action and money, and that he failed, omitted and refused to assess a large portion of said property for taxation," sufficiently describes the property.
2. Where an information, in a proceeding to assess property omitted to be listed for taxation, does not sufficiently describe the property, the proper way to reach it is by motion to make the information more specific, and not by demurrer.
3. Heirs take property of an ancestor subject to its liability for omitted taxes, the collection of which is not barred by the statute of limitations.

G. A. CASSIDY, FOR COMMONWEALTH.

GARRETT S. WALL, E. L. WORTHINGTON, W. H. WADSWORTH, M. D. COCHRAN AND L. W. ROBERTSON, FOR APPELLEE.

(No briefs.)

(293)

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

On the 30th day of July, 1901, F. S. Watson, as auditor's agent, filed in the county court of Mason county, Ky., a statement or information alleging that certain property belonging to Christian F. Sweigart, amounting to about $210,-000 each year, for several years prior to the death of Christian F. Sweigart (which occurred in April, 1897), was by him omitted to be assessed or listed for taxation, and that the defendant, John G. Sweigart, qualified as administrator of the decedent at the April term of the Mason county court in the year 1897. That he never at any time filed, with the county court, an inventory or report of any kind showing what estate came into his hands as such administrator.

On the 9th day of August, 1897, the year in which he qualified, he made a settlement with the Mason county court, of the estate which came into his hands, but by this settlement he failed to disclose the amount of the estate, and merely took the receipt of the widow and each of the five children in full of their interest, without naming any amount, and closes the settlement with these words: "Which winds up the affairs of the estate. The estate amounted to more than $500.00." The county court, and the circuit court on appeal, sustained demurrers to this information, because the plaintiff failed to sufficiently describe the property sought to be listed for taxation.

The appellees further contend that they are not liable for the taxes which were failed to be assessed against their ancestor. We can not agree with the action of the lower court, nor with the appellees' contention. The property, as described in the statement or information filed by appellant, is as follows: "That Christian F. Sweigart, deceased, was possessed of a large estate in the county of Mason, consisting of notes, mortgages, choses in action,

and money, and that he failed, omitted, and refused to assess a large portion of said property for taxation, and failed to pay taxes on same from and including the year 1876 up to and including the year 1896." They contend that the information should have stated how much cash, how much notes, and how much of each. If this was error, the proper way to have reached it was by motion to make the information more specific, and not by demurrer. By their demurrer, appellees admitted that they had received the property of their ancestors to the amount of $210,000, which had escaped taxation for each of the years named, and that it was subject to taxation, nor had any tax been paid thereon. They were in a better position to know the truth or falsity of this allegation, and the kind and character of such property, and the amounts of each, if any, than the appellant, and, if the allegations contained in the information are true, it is evident that the appellees intentionally and studiously avoided the disclosure of the kind and character of the estate that they received in the distribution of their ancestor's estate, and it comes with very bad grace from appellees to come now and ask appellant to more specifically describe the property which they had received from their ancestor, which they had failed to make a record of as the statute required. For a full discussion of this question see the case of Commonwealth, by, etc., v. Collins (recently decided by this court), 24 R., 2042, 72 S. W., 819.

According to the allegations of the information, the appellees received $210,000 worth of property from their father's estate, which was subject to and had escaped taxation, and they received this property with this liability to taxation existing against it, and therefore they should be compelled, out of the property so received, to pay all

the taxes on such property, the collection of which is not barred by the statute of limitations. See the case of Commonwealth, by, etc., v. Mahala Nute (115 Ky.., 239), 24 R., 2138, 72 S. W., 1090.

For the foregoing reasons, the case is reversed, and the cause remanded for further proceedings consistent herewith.