Case 54.—PROCEEDING BY THE COMMONWEALTH,THROUGH J. H. HARRISON, AUDITOR'S AGENT, FOR THE LISTING OF THE PROPERTY OF HENRY S. REED FOR TAXATION. —November 14.

# Commonwealth, By, &c. v. Reed.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

·Judgment for defendant. Plaintiff appeals. Reversed.

1. Taxation—Listing Omitted Property—Duty of County Court— Ky. Stats. 1903, sec. 4241, .in relation to the listing for taxation of omitted property, provides that, if it shall appear to the county court that the property is liable for taxation .and has not been assessed, the court shall enter an order fixing the value, and, if not liable, shall make an order to that effect. Held—That the statute plainly means that, if the property is liable for taxation and has not been assessed, it must be assessed by the county court, but, if the property is not liable or has been assessed, an order must be made to that effect.

2. Same—Order of Court—Construction—On proceedings under the statute, an order of the county court to the effect that defendant was not the owner of any personal property, money, notes, or bonds taxable under the law during a certain year, which he failed 'to list or give in for taxation, clearly determined that the property was not liable to assessment.

3. Same—Appeal—Bond—By the express provision of Ky. Stats. 1903, sec. 4241, in relation to the listing of omitted property for taxation, on appeal from the order of the county court no appeal bond is required, where the court decides that the property is not liable to assessment.

4. Same—Pleading—Waiver—Where, in proceedings under Ky. Stats. 1903, sec. 4241, for the listing of omitted property for taxation, defendant moved to have the statement made more specific, but filed an answer before the motion was ruled on, the objection was waived.

5. Same—Order on Appeal—Ky. Stats. 1903, sec. 4241, in rela-

tion to the listing of omitted property for taxation, provides for an appeal from the order of the county court, and provides that the assessment shall be made by the county court, and be certified to the Auditor, and entered in a book kept by the county clerk. Held—That, if the circuit court on appeal reaches a different conclusion from the county court, the former must remand the case to the latter, with directions to enter the judgment indicated.

6. Same—Trial de novo—Under the express provisions of Civil Code Prac., secs. 700, 726, and Ky. Stats. 1903, sec. 4241, on an appeal to the circuit court from the county court in proceedings under the latter statute for the listing of omitted property for taxes, the trial is to be de novo.

L. J. MOORE for appellant.

Sec. 4241, Ky. Stats., under which this proceeding was instituted in the county court, in reference to taking appeals from the judgment of the county court, reads as follows, to wit: "From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal, as in other civil cases, except that no appeal bond shall be required where the court decides that the property is not liable to assessment or taxation."

The judgment was rendered on October 14th, 1904, and on December 9th the appeal was taken, which was within the sixty days allowed in which to take the appeal.

The county court in rendering it's opinion, says (page 2 of record): "It is ordered and adjudged by the court that the defendant, Henry S. Reed, on the 15th day of September, in the years mentioned in this proceeding, to and including the year 1902, was not the owner of any personal property, or of any money, notes or bonds of the value of $73,000, or any other sum that was taxable under the laws of the State of Kentucky, in which said defendant failed to list or give in for taxation during said year." * * *

From this judgment the appeal was taken, and within sixty days as allowed by law. It was taken by the Commonwealth, and no bond was required or executed.

Under the law the circuit court certainly had jurisdiction as the appellant complied with the law in bringing the action before the circuit court, and the statute gives the right of appeal "as in other civil cases."

The circuit court never assigned the case for trial; never gave the appellant an opportunity to have any witnesses summoned or heard as to what property the appellee had.

vol. 121—28

The case was not an equitable action, in which the appellant could have taken depositions; the case never was tried upon its merits by the circuit court, and why the appeal was dismissed I am at a loss to understand.

FALCONER & FALCONER for appellee.

We submit:
1. That this proceeding, like all others, should be reviewed by the Court of Appeals upon the record as made, and we maintain that there is nothing in the record upon the trial of this proceeding in the county court, that shows what errors, or that any errors, were committed, either in the admission or exclusion of testimony or in the admission or exclusion of witnesses. Neither is there anything in the record to show that the judgment rendered by the county court is not fully sustained.

2. On such appeal, as decided in Commonwealth v. Morehead, "the circuit court simply passes upon the legal question as to whether the county court has erred in its decision as to whether certain definite property was liable to taxation or not. It has no original jurisdiction to assess or value omitted property."

3. There being nothing in the record showing that the county court had erred in its decision, the circuit court properly dismissed the appeal.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

On January 11, 1904, J. H. Harrison, Jr., as Auditor's agent, filed with clerk of the Fayette County Court a statement charging that Henry S. Reed was the owner of personal property, consisting of money, notes, and bonds, and of household goods, fixtures and furniture, which he had failed to list for taxation with the assessor of Fayette county for the years named in the statement. The defendant appeared and demurred to the statement, and also filed a motion asking that the plaintiff be required to make the statement more specific, and without a ruling on the demurrer or the motion he filed an answer denying the allegations of the statement. The case came on for trial in the county court upon the merits, and the following judgment was entered: "This action and

proceeding having been regularly set for trial on the 14th day of October, 1903, and being regularly called for trial, the parties having answered 'Ready for trial,' and the court having heard the parties and the testimony in the case, and being sufficiently advised, it is ordered and adjudged by the court that the defendant, Henry S. Reed, on the 15th day of September, in the years mentioned in this proceeding, to and including the year 1902, was not the owner of any personal property, or of any money, notes, or bonds, of the value of $73,000, or any other sum, that was taxable under the laws of the State of Kentucky, or which said defendant failed to list or give in for taxation during said years. It is therefore ordered and adjudged by the court that this action and proceeding be, and the same is hereby, dismissed, in bar of any further proceeding. To this judgment the Commonwealth of Kentucky, by J. H. Harrison, Auditor's agent, prays an appeal to the Fayette Circuit Court, which is granted." The plaintiff took an appeal to the circuit court. The defendant entered a motion to dismiss the appeal for want of jurisdiction and also for want of prosecution. The circuit court rendered the following judgment: "This action having been regularly upon the motion docket of this court for trial of the motion of the defendant, Henry S. Reed, now appellee, to dismiss the appeal herein, and said action having been regularly called for trial upon said motion docket, the argument of counsel being heard upon said motion, and the court having considered the same and being sufficiently advised, it is adjudged and ordered by the court that said motion be, and the same is, sustained, and it is hereby adjudged by the court that the appeal herein be, and it is now, dismissed. To the judgment of the court sustaining said motion and dismissing said appeal the

plaintiff, now appellant, excepts and prays an appeal to the Court of Appeals of Kentucky, which is granted.''

It is clear that the circuit court did not sustain the motion to dismiss the appeal for want of prosecution, as the judgment shows that the action was regularly called for trial on the motion, and the argument of counsel was heard. We must therefore assume that the case was dismissed for want of jurisdiction.

The proceeding was had under sec. 4241, Ky. Stats. 1903, which, so far as material, is as follows: ''At the next regular term of the county court after the notice has been served five days, if it shall appear to the court that the property is liable for taxation, and has not been assessed, the court shall enter an order fixing the value thereof at its fair cash value, estimated as required by law; if not liable, he shall make an order to that effect. From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal, as' in other civil cases, except that no appeal bond shall be required where the court decides that the property is not liable to assessment or taxation.''

It will be observed that the statute directs that if it shall appear to the county court that the property is liable for taxation and has not been assessed the court shall enter an order fixing its value, and if it is not liable he shall make an order to that effect. The meaning of this plainly is that, if the property is liable for taxation and has not been assessed, it must be assessed by the county court. If, on the contrary, the property is not liable for taxation or has been assessed, it is not liable to assessment by the county court, and he must make an order to that effect. It will also be observed that from so much of

the order of the court as decides whether or not the property is liable to assessment either party may appeal, as in other civil cases. The order of the county court above quoted clearly determines that the property was not liable to assessment, for it determines that Reed was not the owner of any personal property subject to taxation which he had failed to give in. An appeal, therefore, lies from the order.

Appeals from judgments of the county court to the circuit court are regulated by secs. 724-731 of the Civil Code of Prac., in the absence of some other statutory provision governing the case; for by sec. 700 the provisions of the Code are made applicable to county courts.

By sec. 726 it is provided: ''Appeals shall be docketed and stand for trial as ordinary actions and shall be tried anew as if no judgment had been rendered.''

Sec. 724 requires the party appealing to execute a bond to the effect that he will satisfy and perform the judgment that shall be rendered on the appeal. Hence it is that in sec. 4241, Ky. Stats. 1903, it is provided that no appeal bond shall be required where the court decides that the property is not liable to assessment. The circuit court had jurisdiction of the case as the appeal had been regularly taken. The case stood as an ordinary action, and was to be tried in the circuit court de novo as though no judgment had been rendered in the county court. If the circuit court reaches a different conclusion from the county court he must remand the case to the county court, with directions to enter judgment as indicated by him; for the assessment is to be made by the county court, and is to be certified to the Auditor and entered in a book kept for that purpose by the county clerk. (Sec. 4241, Ky. Stats. 1903.)

We are referred to the case of Commonwealth v. Morehead, 78 S. W., 1105, 25 Ky. Law Rep., 1927, as sustaining the judgment of the circuit court; but that case rests upon the construction given the judgment which was there appealed from, and which is materially different from the one before us. That case is not to be understood as conflicting with the views we have indicated.

The defendant waived his motion to make the statement more specific by not having it ruled upon before he filed his answer. The statement is good on demurrer. (Commonwealth v. Collins, 72 S. W., 819, 24 Ky. Law Rep., 2042; Commonwealth v. Zweigart, 115 Ky., 293, 73 S. W., 758, 24 Ky. Law Rep., 2147; Belknap v. Commonwealth, 120 Ky., 59, 85 S. W., 693, 27 Ky. Law Rep., 473.)

Judgment reversed, and cause remanded for further proceedings consistent herewith.