CASE 74.—PROCEEDING BY THE COMMONWEALTH BY GEO. H. ALEXANDER, REVENUE AGENT, AGAINST MITCHELL, CASSELL & BAKER TO RECOVER TAXES ON OMITTED PROPERTY.—February 8.

# Commonwealth, by Alexander, Revenue Agt. v. Mitchell, Cassell & Baker

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From a judgment of the circuit court dismissing an appeal from the county court plaintiff appeals. Reversed.

Taxation—Omitted Property—Action in County Court—Appeal to Circuit Court.—On an appeal from a judgment of a county court to the circuit court in a proceeding therein by a revenue agent against a defendant for a failure to list omitted property for taxation in which the county court adjudged that

Common'lth, by Alexander, Rev. Agt., v. Mitchell, Cassell & Baker.

"the proceeding be dismissed," the circuit court should proceed to try the case anew, and upon the evidence determine whether or not the property is liable to assessment, and if the court concludes it is liable, it should remand the case to the county court with directions to enter judgment assessing the omitted property which the circuit court may adjudge to be liable, and for what years, leaving to the county court the fixing of the fair cash value thereof.

J. A. EDGE, attorney for appellant.

## POINTS OF LAW.

1. Right of appeal. An appeal lies to the circuit court from the judgment of a county court in a proceeding by a revenue agent for the state-at-large for assessment of omitted property. (Kentucky Statutes, section 4241; Carroll's Code, section 24; Bullitt's Code, section 724, and sub-section 1, of that section, being Act of May 9, 1884; Commonwealth v. Reed, 28 Ky. Law Rep., 382; Commonwealth v. Morehead, 25 Ky. Law Rep., 1927.)

2. How taken. The Commonwealth is entitled to a trial de novo in the circuit court on an appeal from the judgment of the county court. (Kentucky Statutes, section 4241; Code of Practice, section 726; Commonwealth v. Reed, 28 Ky. Law Rep., 382.)

3. Form of judgment. A judgment of the county court should show expressly that it decided that the property was liable for assessment and taxation or that it was not liable for assessment and taxation.

J. D. & G. R. HUNT, attorney for appellant.

## SUMMARY.

No appeal lies from a judgment of the county court to the circuit court in a proceeding under section 4241, Ky. Statutes, to assess property as omitted from taxation, unless the county court decides that such property is or is not liable to assessment. (Kentucky Statutes, section 4241; Commonwealth v. Morehead, 25 Ky. Law Rep., 1927, 78 S. W., 1105; Commonwealth v. Reed, 28 Ky. Law Rep., 382, 89 S. W., 294.)

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Commonwealth of Kentucky, by George H. Alexander, revenue agent for the State at large, filed in the Fayette county court a "statement and petition" charging that appellees, Thomas D. Mitchell, William H. Cassell, and Frank T. Baker, partners doing business in the city of Lexington under the firm name of Mitchell, Cassell & Baker, had failed to list for taxation, either State or county, for the year 1900, 1901, 1902, 1903, and 1904, personal property, consisting of merchandise, bonds, notes, cash on hand and on deposit, choses in action, etc., of which they were the owners and in possession of as of the 15th of September of the years 1900, 1901, 1902, 1903, and the 1st of September, 1904. After setting forth in the customary form the rate of taxation, State and county, for each of the years indicated, and such further facts as are required by section 4241, Ky. Stat., 1903, under which the proceeding was instituted, the statement closed with a prayer for the assessment of the omitted property by the court for the years in question, and judgment against appellees for the tax so assessed, with the statutory penalty. Appellees filed answer, denying that they had omitted to list for taxation in or for the years charged any property belonging to them. The answer was controverted by reply. On the hearing the county court dismissed the proceeding. That part of the judgment complained of is as follows: "This cause having been heard by the court, and the court being fully advised, it is ordered and adjudged that the proceeding be, and the same is hereby, dismissed, to which the plaintiff excepts." An appeal from this judgment

was taken to the circuit court. When the case reached that court, appellee moved to dismiss the appeal upon the grounds that the judgment of the county court was final, and that the circuit court had no jurisdiction of the appeal. The motion to dismiss the appeal was sustained by the circuit court; the judgment entered in that court being as follows: "This cause having been heard upon the motion of appellees to dismiss the appeal herein, and the court being advised, it is now ordered and adjudged that the appeal taken in the above-styled action from the judgment of the Fayette county court be, and the same is hereby, dismissed. To this judgment appellant objects and excepts, and prays an appeal to the court of appeals, which is granted."

The question presented for our consideration by the appeal to this court is mainly one of practice. Section 4241, under which the proceeding was instituted, provides: "If it shall appear to the court that the property is liable for taxation and has not been assessed, the court shall enter an order fixing the value estimated as required by law; if not liable, he shall make an order to that effect. From so much of the order deciding whether or not the property is liable to assessment either party may appeal, as in other civil cases. * * *" In Commonwealth v. Morehead, 78 S. W. 1105, 25 Ky. Law Rep. 1927, it was held that the circuit court did not err in dismissing an appeal taken to that court from the judgment of the county court, whereby a proceeding against the taxpayer to require him to list for taxation property omitted from assessment in previous years had been dismissed. This ruling was based upon the grounds that as the judgment of the county court did not in terms decide whether the defendant was or was not the owner of personal property which he had omitted

to list for taxation for the years named, and the record contained no transcript of the evidence heard by the county court upon the trial, the inference should be indulged that the county court found that the defendant did not omit to assess any of his property in the years named.

The soundness of this conclusion would be manifest if the case had to be determined by the circuit court upon the same evidence heard by the county court; otherwise, it is untenable. From the language of the opinion it is evident that the court had in mind the view that the appeal in the circuit court had to be tried upon a bill of exceptions containing the evidence introduced on the hearing in the county court, and, as there was no bill of evidence in the record, the recitals of the judgment furnished the only information to be obtained from the record of what was decided by the county court. It was not, however, expressly decided in that case that the appeal should have gone to the circuit court upon a bill of exceptions. In the more recent case of Commonwealth, for Use, etc., v. Reed, 121 Ky. 432, 89 S. W. 294, 28 Ky. Law Rep. 381, it was held that an appeal in a proceeding like this is regulated by sections 724-731 of the Civil Code. This is necessarily so, for by section 700 of the Code its provisions are made applicable to county courts, and by section 726 it is provided: "Appeals shall be docketed and stand for trial as an ordinary action, and shall be tried anew as if no judgment had been rendered." Section 4241 of the statute, supra, provides that an appeal as therein allowed may be taken "as in other civil cases." Obviously, the appeal is governed by the provisions of the Code, except that the bond required by section 726 of the party appealing need not be given, for the statute (section 4241) provides; "* * * No ap-

peal bond shall be required where the court decides that the property is not liable to assessment or taxation.''

Not only was the view herein expressed adopted in Commonwealth, for Use, etc. v. Reed, supra, but in the opinion we find this statement in respect to the action of the circuit court in dismissing the appeal from the judgment of the county court: ''The circuit court had jurisdiction of the case as the appeal had been regularly taken. The case stood as an ordinary action, and was to be tried in the circuit court de novo, as though no judgment had been rendered in the county court. If the circuit court reaches a different conclusion from the county court, he must remand the case to the county court, with directions to enter the judgment as indicated by him, for the assessment is to be made by the county court, and is to be certified to the auditor, and entered in a book kept for that purpose by the county clerk.'' If the case is to be tried de novo upon reaching the circuit court, no valid reason can be urged for its refusal to take jurisdiction because the judgment of the county court, appealed from, is silent as to the particular steps taken in that court. It is not material, therefore, that it should state whether the county court did or did not decide that the property sought to be listed for taxation had been omitted by the owner. Such a statement would, however, be necessary if a bill of exceptions containing the evidence were required on the appeal to the circuit court; for, in that event, in the absence of a proper recital in the judgment showing that the county court had passed on the question of whether or not the property had been omitted, there would be no means of ascertaining the fact from the record.

While it is true that only so much of the judgment of the county court as decides whether or not the

property is liable to assessment is appealable, as the appeal is tried de novo in the circuit court, if the judgment of the county court merely shows the dismissal of the proceeding in the county court, the circuit court will, on the appeal of the revenue agent, assume that it was dismissed by the county court upon the ground that the property sought to be listed had not been omitted by the person proceeded against as charged. On the other hand, if the appeal is taken by the defendant, and the order shows that the judgment went against him in the county court for any amount, though the omitted property be not specified, or the year or years it was omitted be not named, the circuit court will assume that it was for the assessment and taxation of the property, or some part thereof, alleged to have been omitted. In either event the circuit court should proceed to try anew, upon the evidence introduced by the parties. the question of whether or not the property attempted to be assessed is liable to assessment; and, if a different conclusion from that of the county court be arrived at by the circuit court, it will remand the case to the county court, with directions to enter judgment in that court as indicated. If the judgment of the circuit court should be that property which the county court adjudged had not been omitted is liable to assessment and taxation, it should direct the county court to assess the omitted property, naming the years for which it should be assessed, but leave to the county court the fixing of the fair cash value thereof.

Being of opinion that the circuit court erred in dismissing the appeal, the judgment is reversed, and cause remanded for further proceedings consistent with the opinion.