## Commonwealth, on Relation, et al. v. Weissinger, Judge.

(Decided April 27, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Prohibition—Writ Of.—The writ of prohibition will only be granted when the inferior court is proceeding in a matter out of its jurisdiction, and will not lie to restrain an inferior tribunal from acting within its jurisdiction however erroneous its action may be.

2. Assessment of Property by County Court—Appeals.—In asessing property under section 4260 of the Kentucky Statutes, the county court acts in a ministerial capacity; but, either party may appeal from its decision to the circuit court in the manner pointed out in sections 700—731 of the Civil Code.

3. Appeal—Right of, not Exclusive Remedy—Vacation of Judgment.—In a proceeding in the county court to assess omitted property the party proceeded against if he complains of the judgment and has opportunity to appeal, can only have it reviewed in this way; but if he is prevented by fraud, casualty or misfortune from prosecuting an appeal, he may have the judgment vacated under section 518 of the Code.

4. Judgment—Vacation of, under section 518 of the Code.—In every action or proceeding pending in a court of justice, by whatever name it may be called and without regard to the purpose of it, if either party is prevented by fraud, casualty or misfortune from presenting his claim or defense, or from prosecuting an appeal against him if an appeal is allowed, he may have relief under section 518 of the Code, unless the right to secure relief under this section is denied by express statute or necessary implication.

M. J. HOLT for appellant.

KEITH L. BULLITT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On August 18, 1910, W. A. Thompson was regularly summoned to appear in the County Court of Jefferson County to answer a proceeding instituted against him in that court by a revenue agent seeking to assess property that it was alleged Thompson owned but had omitted to list for assessment and taxation. On account of illness and for other reasons not necessary to mention,

Thompson did not appear in response to the summons, and on September 15th, a judgment by default was rendered against him for a large sum of money in the way of taxes and penalties. Execution on this judgment was not issued until after the expiration of sixty days from its rendition and on November 25, 1910, Thompson filed a petition in the county court seeking to vacate the judgment under section 518 of the Civil Code, on the ground that unavoidable casualty and misfortune had prevented him from appearing and defending the action or prosecuting an appeal to the Circuit Court within sixty days from the entry of the judgment in the county court. The petition set out meritorious reasons why the judgment should not have been rendered against him and cause for vacating it upon the ground of unavoidable casualty and misfortune. The county court, after considering the petition, expressed the opinion that the judgment should be vacated and thereupon the Commonwealth instituted this action in the Jefferson Circuit Court, seeking to prohibit the appellee Judge of the Jefferson County Court from entering the judgment that he had determined upon or vacating the default judgment. The circuit court dismissed the petition, and the Commonwealth appeals.

A writ of prohibition is defined in section 479 of the Civil Code to be:

"An order of the Circuit Court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction."

Therefore, the only question presented by the record is—did the Jefferson County Court have power to vacate and set aside the judgment by default? If it did not have jurisdiction to vacate and set aside the default judgment, the writ of prohibition should have been granted; on the other hand, if it did have jurisdiction, the writ should be denied. If the county court had power to vacate the judgment, it is wholly immaterial whether the reasons for so doing were sufficient or not; and so we will not inquire into the sufficiency of the reason, as a writ of prohibition will not lie to restrain an inferior tribunal from acting within its jurisdiction, however erroneous its action may be.

The law regulating the assessment of omitted property by the county court is found in section 4260 of the Kentucky Statutes. It is there provided that after a

statement has been filed by a revenue agent, summons shall be issued thereon, and—

"At the next regular term of the county court after the summons has been served five days, if it shall appear to the court that the property is liable for taxation, and has not been assessed, the court shall enter an order fixing the value thereof at its fair cash value, estimated as required by law; if not liable for taxation, he shall make an order to that effect, and the officer instituting said proceeding shall be liable on his official bond  *  *  *  The judgment of the court shall have the same force and effect as the judgment of the court in civil cases. Either party may appeal from a decision of the county court to the circuit court and then to the Court of Appeals, as in other civil cases, except that no appeal bond shall be required where the appeal is by the revenue agent or sheriff. If the court shall decide that the property is liable to assessment, and has not been assessed, the clerk of the county court shall enter a judgment on a book kept for that purpose assessing said property and fixing the value thereof.  *  *  *"

In sections 700-731 of the Civil Code, regulating the practice in county courts and other inferior courts, it is provided that no appeal shall be taken from judgments of the county court to the circuit court except within sixty days from the rendering of the judgment; and it was ruled in Commonwealth v. Reed, 121 Ky., 432, and Commonwealth v. Mitchell, 124 Ky., 581, that the Code provisions applied to and regulated appeals from judgments of the county court in proceedings like this. So that, if either party desires to prosecute an appeal from a judgment of the County Court in a proceeding instituted for the purpose of assessing omitted property, the appeal must be taken in the manner provided in the Code within sixty days from the rendition of the judgment in the county court. As the statute provides that the judgment of the County Court may be reviewed by the Circuit Court upon appeal, and points out no other remedy by which the judgment in the County Court may be assailed, it is insisted for the Commonwealth that the remedy by appeal is exclusive; and that, unless an appeal is taken in the time and manner provided, the judgment of the County Court cannot be vacated or modified by the County Court rendering the judgment or

any other court. It is further said that section 518 of the Civil Code, declaring that—

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it, * * * For unavoidable casualty or misfortune, preventing the party from appearing or defending," does not apply to judgments of the county court in proceedings like the one under consideration.

For the appellee the argument is made that the remedy by appeal is not exclusive, and that if by unavoidable casualty or for any of the other causes set out in section 518 of the Civil Code, the party against whom the judgment is rendered has been prevented from appearing or prosecuting an appeal, that he may under the authority of section 518 and in the manner provided in sections 519-524, and after the expiration of sixty days from the rendition of the judgment, file a petition in the court rendering the judgment; and, if the petition sets out sufficient reasons, the court may vacate or modify the judgment. In support of the argument that the remedy by appeal is exclusive and the only one that the complaining party may avail himself of, it is said that the County Courts are courts of limited jurisdiction, deriving all their power from some express statutory enactment, and that in ascertaining the power conferred upon these courts in reference to any particular matter they are authorized by statute to determine, the statute conferring the power must be looked to, and unless authority to do the thing attempted can be found in the statute, the power to do it must be denied. And so, the general rules of procedure regulating the practice have no application to proceedings created by or authorized by express statutory enactment—being confined to cases arising under the general practice laws of the State.

It was held in Gilbert v. Bartlett, 9 Bush 49, and also in Commonwealth v. Central Consumers Co., 122 Ky., 418, that—

"County courts are courts of limited jurisdiction and derive all their powers from some express statutory enactment."

It has also been ruled in some cases that when the statute points out the remedy by which the complaining party may seek to obtain relief from a judgment, this remedy is exclusive. Thus in McCarty v. McCarty, 8

Bush, 504, the question before the court was the power of the county court to grant a new trial and set aside an order probating a will, and it was there held that—

"The only remedy provided for the unsuccessful party, where a will has been rejected or admitted to record by the county court, is by writ of error, or an appeal to the circuit court of the same county, and thence to the Court of Appeals. A will once admitted to probate by the county court must be contested in the manner pointed out by the statute; this special proceeding is adopted and regulated by law as applicable to wills alone, and the remedies afforded in such cases must be found in the statute, and nowhere else."

In Swanson v. Smith, 117 Ky., 116, the question presented was could a new trial be granted in the county court in a forcible entry or detainer proceeding, under section 714 of the Civil Code, to a party who had a remedy by traverse, but failed to avail himself of it. In holding that the court was without power to grant a new trial in such cases, the court said:

"The provisions of the Code regulating the trial of writs of forcible entry, forcible detainer, or forcible entry and detainer, require the unsuccessful party, if dissatisfied with the result of the trial, to pursue a different remedy. The remedy thus provided, is specific, and therefore exclusive of all other remedies."

In the case of Commonwealth v. Adams Express Company, 124 Ky., 85, it was held that in proceedings for the assessment of property the county court had no power to grant a new trial saying:

"The only remedy provided for the unsuccessful party, where the property has been listed by the county judge, or he has refused to list same, is by an appeal to the circuit court, and a judgment entered by the county ty court must be contested in the manner pointed out by the statute. This special proceeding is adopted and regulated by law as applicable to the listing of omitted property for taxation, and the remedies afforded in such cases must be found in the statute, and nowhere else."

But, in Broadway Coal Mining Co. v. Smith, 136 Ky., 725, the question was—had the county court authority to grant a new trial in a condemnation proceeding? In holding that it did, the Court said:

"There is no provision in the statute authorizing new trials in the county court in road cases, but section 4303

of the Kentucky Statutes provides for an appeal to the circuit court from the decision of the county court. We do not think, however, that the failure of the statute to authorize a new trial or the fact that it does make provision for an appeal takes from the county court the right to grant a new trial in a road case, if the application therefor is made in due time."

Again, in Ellis v. Ellis, 104 Ky., 121, the question considered was the right of the circuit court in a contested will case to grant a new trial. In opposition to this right it was insisted by counsel that as the statute does not in terms authorize the court to grant a new trial, and provides for an appeal to the Court of Appeals, therefore the legislature manifested a purpose to take from the court the right to grant a new trial. But the court refused to accept this view of the practice, and held that the circuit court had the same right to grant a new trial in a proceeding to probate a will as it has in other civil cases.

That these cases are somewhat conflicting, must be conceded, but it is apparent that the Court in the Mc-Carty, Swanson and Adams Express Company cases was influenced to a large extent by the fact that the complaining party had a remedy and the opportunity to avail himself of it, but neglected or failed to do so. The question here presented was not involved in either of these cases, nor has it so far as we are advised been heretofore considered. It was not ruled in any of these cases that when the complaining party was prevented by fraud, casualty or misfortune from prosecuting an appeal that he should be left without remedy. There is a plain distinction between cases in which a party from ignorance or other reason fails to avail himself of a remedy pointed out, and cases in which by fraud, casualty or misfortune he is prevented from availing himself of the remedy, and it is only in this latter class of cases that section 518 of the Code applies.

We are not disposed to question the correctness of the principle announced in these cases when it is confined to states of fact similar to those set out in the opinion. But, we are not inclined to extend it to cases in which its application would do an injustice by denying to a complaining party the right to have a review of a judgment against him merely because the statute under which the proceeding was had, furnished a remedy by

appeal. We are of the opinion that in every action or proceeding pending in a court of justice, by whatever name it may be called, and without regard to the purpose of it, if either party is prevented by fraud, causalty or misfortune from presenting his claim or defense, or from prosecuting an appeal from a judgment against him, if an appeal is allowed, he may have relief under section 518 of the Code, unless the right to secure relief under this section is denied by express statute or necessary implication. It can not be tolerated that by the judgment of a court of justice a party who is without fault and who has not been guilty of laches, shall by fraud, casualty or misfortune be denied the privilege to assert his claim or defense or the opportunity to prosecute an appeal from a judgment against him. Section 518 of the Code was intended to and does furnish a remedy whereby injustice and wrong may be prevented in the course of a judicial or other proceeding pending in court, and we want to make it broad enough to embrace every state of case in which injustice would be done except for the remedy which it affords. This section was designed to supplement but not to supersede other provisions authorizing motions for a new trial and allowing appeals, and can only be invoked by a party when the other remedies are not available.

It is further contended that in proceedings like this the court acts in a ministerial and not in a judicial capacity, and that its judgment is to be treated as would be the decision of an assessing officer or board of supervisors, and that as the action of these officials or boards is final, so should be the action of the county court when it acts in a ministerial capacity and performs the duties of an assessing officer or assessing board. It was held in Baldwin v. Shine, 84 Ky., 502; Baldwin v. Hewitt, 88 Ky., 673, and Com. v. Ryan, 126 Ky., 649, that the court in assessing property acts ministerially and not judicially. But, nevertheless, it acts as a court, and its decision is the judgment of a court.

Wherefore, the judgment of the lower court is affirmed.