## Berry v. Moore, et al.

(Decided June 17, 1927.)

### Appeal from Lawrence Circuit Court.

1. Wills.—To set aside will for undue influence, evidence must show not only opportunity to exercise such influence, but must establish, directly or circumstantially, that undue influence was exercised.

2. Wills.—Testator's statement to counsel, just before drawing will leaving all his property to his second wife, that he had destroyed former will, leaving part to his first wife's relatives, because it was not satisfactory to his "family," held insufficient to take to jury

question of undue influence by second wife as referring to her, rather than contestants, who were his collateral kin.

3. Wills.—That testator's second wife, to whom he left all his prop-' erty, engineered their marriage, held insufficient to take to jury question of undue influence practiced by her a year later, when will was written.

4. Wills.—Scintilla of evidence is sufficient to take to jury question of testator's mental capacity when will was made.

CAIN & THOMPSON and S. S. WILLIS for appellant.

C. F. SEE, JR., and M. S. BURNS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is a will contest based on the usual grounds of lack of mental capacity and undue influence. There have been two trials in the lower court. The first resulted in a hung jury and the second in a verdict signed by nine of the jurors setting aside the will. The propounders have appealed.

The testator, M. G. Berry, by his will left all his property to his widow the appellant, Mary J. Berry. She was his second wife. He had no children either by her or his first wife and the contestants, the appellees, are his collateral kin. The court submitted both the questions of mental capacity and undue influence to the jury. It is urged as grounds for reversal that the court erred in so doing and that it should have given a peremptory instruction to find for the will. So far as the question of undue influence is concerned, the court should not have submitted this issue to the jury. The testator and the appellant, his widow, were married about a year prior to his death. The record probably tends to show though very vaguely that the appellant, Mary Berry, formerly the widow Kinner, sort of engineered the marriage between herself and the testator. But the record also tends to show that they lived very happily after their marriage. The record also shows that the testator, just before he had the will now in dispute drawn, informed his counsel that he had had a will, but had destroyed it, since it was not satisfactory to his family. On the basis of these two incidents, appellees seriously argue that there was evidence of undue influence to go to the jury.

It is the settled law that the evidence must show, not only that there was an opportunity to exercise undue in-

fluence, but must also establish directly or circumstantially that undue influence was exercised. Seals v. Seals, 213 Ky. 779, 281 S. W. 982. The record fails to show directly or circumstantially that any undue influence was practiced on the testator. The former will, which the testator referred to, left a part of his property to the relatives of his first wife. It is argued that when he said that his will was not satisfactory to his "family" he necessarily meant his wife, but, if he had, he would more naturally have said "my wife" than "my family." The witness Susie Laney, who saw the testator destroy his first will, is not clear whether he did this before or after his second marriage. From the expression that the will was not satisfactory to his family, it probably occurred before his second marriage, as his family, who are the contestants herein, no doubt did resent half of the testator's property going outside of the family, just as they now resent all of it going to the deceased's widow. We do not regard this expression as even remotely tending to show any undue influence on the part of the present appellant. And the fact that she engineered the marriage, if she did, and, as stated, that is not clear, also does not tend to show any undue influence practiced a year afterwards when the will was written. It results, therefore, that the circuit court erred in submitting the question of undue influence to the jury, and for that reason this case will have to be reversed.

So far as the question of mental capacity is concerned, there was a scintilla of evidence under the rule heretofore laid down by this court in will cases to carry this case to the jury. But, whether or not there was sufficient evidence to sustain that verdict, we expressly do not decide, since the evidence on the next trial may be stronger than it was on the last trial.

Judgment reversed, with instructions to grant the appellant a new trial in conformity with this opinion.