## Moran's Executor et al. v. Moran et al.

(Decided November 29, 1930.)

CHARLES L. DALY for appellants.

B. S. GRANNIS for appellees.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Reversing.

Mrs. Mary Moran, a resident of Mason county, died July 4, 1928. On August 2, 1928, a paper purporting to be her last will and testament was admitted to probate in the Mason county court. The will was written and bears date June 16, 1928. Mrs. Moran left surviving her seven children.

By items 1 to 6, both inclusive, of the will, Mrs. Moran bequeathed to her son Charles the sum of $100; to her son Bruce the sum of $600; to her son Earl the sum of $600; to her son Everett the sum of $600; to her daughter Sally the sum of $800, and to her daughter Bessie the sum of $800, all to be "paid and discharged as hereinafter set forth in item 9." By item 8 of the will she devised to her son Harry "without condition, charge or reservation, absolutely and in fee simple forever" her farm in Mason county, which was all the real property possessed by her. By item 9 of the will she bequeathed to her son Harry all her personal property "with the obligation and duty incumbent and hereby imposed upon him to pay and discharge the bequests set out in items 1, 2, 3, 4, 5 and 6, and the payment of said bequests is hereby made a charge upon all of said property." The bequests made by items 1 to 6 inclusive aggregate $3,500. The personal property out of which the bequests are to be paid is shown by the appraisement filed in the county clerk's office of Mason county to be $1,349.22, less funeral expenses, doctors' bills, and debts of the estate. By item 11 of the will Harry Moran was nominated executor.

The children other than Harry appealed to the Mason circuit court from the order of the county court probating the will, setting up as grounds of contest that, at the time the will was made, the testatrix was of

unsound mind and mentally incompetent to know her property and its value, her obligations to her kindred, and to dispose of it according to a fixed purpose of her own, and that the will was procured by the undue influence of the son, Harry Moran. The trial in the circuit court resulted in a verdict in favor of the contestants, and the propounders have appealed.

The court submitted both the questions of mental incapacity and undue influence to the jury. It is urged as grounds for reversal that the court erred in so doing, and that it should have given a peremptory instruction to find for the will. The question of mental incapacity should not have been submitted to the jury. There is no proof whatever to sustain this ground of contest. All the witnesses who speak upon the subject, including the contestants, testified that, although for the last three or four weeks preceding her death, Mrs. Moran was exceedingly frail and weak, and for a day or so after the will was written she was confined to her bed practically all the time and appeared to be worried about something, her mind was not affected. It is not claimed on this appeal that there is any proof of mental incapacity. In the absence of any evidence tending to establish mental incapacity, it was error to submit that question to the jury, and for that error the case will have to be reversed. Boone v. Ritchie, 53 S. W. 518, 21 Ky. Law Rep. 864; Berry v. Moore, 220 Ky. 619, 295 S. W. 885. Cf. Ellis v. Ellis, 104 Ky. 121, 46 S. W. 521, 20 Ky. Law Rep. 438.

Without reciting the testimony introduced to establish the ground of undue influence, it is sufficient to say that under the scintilla rule there was enough evidence to carry the case to the jury. Walls v. Walls, 99 S. W. 969, 30 Ky. Law Rep. 948; Murphy's Executor v. Murphy, 146 Ky. 396, 142 S. W. 1018; Berry v. Moore, supra. But whether there was, or was not, sufficient evidence to sustain the verdict upon this ground, is not decided, since the evidence on the next trial may be different from what it was on the trial preceding this appeal.

On the next trial, if there be no evidence tending to establish mental incapacity, the court will confine the instructions to the charge of undue influence.

Wherefore, the judgment is reversed, with directions to grant appellant a new trial in conformity with this opinion.

Judge REES not sitting.