## Moran's Executor v. Moran et al.

(Decided April 21, 1931.)

CHARLES L. DALY and J. M. COLLINS for appellant.

B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This appeal involves a contest of the will of Mary Moran. A mistrial was followed by two verdicts against the will. The propounder brought the case to this court once before, and a new trial was awarded. Moran's Ex'r v. Moran, 233 Ky. 526, 26 S. W. (2d) 565. The present appeal is by the executor from the judgment rendered upon the third trial.

Mrs. Moran was left a widow with a family of seven children. She reared her children and accumulated a substantial amount of real and personal property. She made special bequests by six provisions of her will, giving her son Charles $100, three of her sons $600 each, and each of the daughters was bequeathed $800. The special bequests were made a charge against the personal property alone, and subject to that burden on the personsonalty, the residue of her estate was devised to her son Harry Moran, who was nominated executor of the will. The special bequests aggregated $3,500, but the personal

property was appraised at only $1,349.22. The real estate was valued at over $6,000. The contest was based upon the grounds of mental incapacity and undue influence. This court, upon the former appeal, held that the challenge of the mental capacity of the testatrix was not sufficiently supported by the evidence for submission to the jury, but that the evidence was sufficient to carry the case to the jury upon the issue of undue influence. The sufficiency of the evidence to sustain a verdict against the will was raised then by the appellant, but was reserved by the court. At the last trial, the court again submitted to the jury the questions of testamentary capacity and undue influence, and the verdict was for the contestants. It is now urged: (1) That there was not sufficient evidence to submit the case to the jury on the question of mental incapacity; (2) that there was not sufficient evidence of undue influence to carry that question to the jury; and (3) that the verdict is palpably against the evidence on both issues. Some minor questions are argued, but the conclusion reached renders unnecessary any consideration of them at this time.

The opinion of this court upon a prior appeal of a case constitutes the law of that case, unles the evidence or the issues on the later trial are materially different. Sowders v. Coleman, 233 Ky. 633, 4 S. W. (2d) 731; Commonwealth Life Ins. Co. v. Goodnight's Adm'r, 235 Ky. 701, 32 S. W. (2d) 25; Metropolitan Life Ins. Co. v. Penick, 227 Ky. 490, 13 S. W. (2d) 496; Collins v. Lemaster's Adm'r, 232 Ky. 188, 22 S. W. (2d) 567; New York Life Ins Co. v. Long, 235 Ky. 806, 32 S. W. (2d) 403; Fletcher American Co. v. Culbertson, 228 Ky. 734, 16 S. W. (2d) 175.

The only difference between the evidence in the present record and that before us on the former appeal is that the contestants upon the last trial expressed a positive opinion that Mrs. Moran did not possess testamentary capacity. The question concerning her capacity to make a will was properly formulated, and each of the four sons and two daughters contesting the will positively stated that Mrs. Moran did not possess sufficient capacity to make the will. The same opinion was expressed by a stepdaughter, and Mrs. Moran's sister testified that when the will was made the testatrix was a dreadfully sick woman, both in body and mind, but did not say explicitly that she lacked testamentary capacity.

At the trial involved on the former appeal the contestants qualified the expression of opinion respecting the mental capacity of their mother. Some of them stated that nothing was wrong with her mind; others that while not a crazy woman, she was, in their opinion, too sick to make a will.

The evidence now presented is the same as it was on the former appeal, except that the opinions of the contestants respecting Mrs. Moran's testamentary capacity are now unqualified. The facts stated concerning her physical and mental condition are substantially the same. No new or additional facts are adduced. The testimony of non expert witnesses as to the mental capacity of a testator are competent in a will contest. Thompson v. Jordan, 222 Ky. 788, 2 S. W. (2d) 640. But the opinions of such witnesses possess no more probative value than the facts upon which they are founded, and if the facts related and the circumstances proven do not constitute evidence of mental incapacity, opinions of nonexpert witnesses based thereon do not afford a scintilla of evidence of that fact. Hagedorn v. Scott, 228 Ky. 582, 15 S. W. (2d) 479; Schrodt's Ex'r v. Schrodt, 181 Ky. 174, 203 S. W. 1051; Wood v. Corcoran, 190 Ky. 621, 228 S. W. 32.

In the former opinion in this case it was said:

"The question of mental incapacity should not have been submitted to the jury. There is no proof whatever to sustain this ground of contest. All the witnesses who speak upon the subject, including the contestants, testified that, although for the last three or four weeks preceding her death, Mrs. Moran was exceedingly frail and weak, and for a day or so after the will was written she was confined to her bed practically all the time and appeared to be worried about something, her mind was not affected. It is not claimed on this appeal that there is any proof of mental incapacity. In the absence of any evidence tending to establish mental incapacity, it was error to submit that question to the jury, and for that error the case will have to be reversed. Boone v. Ritchie, 53 S. W. 518, 21 Ky. Law Rep. 864; Berry v. Moore, 220 Ky. 619, 295 S. W. 885. Cf. Ellis v. Ellis, 104 Ky. 121, 46 S. W. 521, 20 Ky. Law Rep. 438.''

The present record impels a like conclusion, since the addition to the former testimony of the opinions of nonexpert witnesses adds no material probative value to the facts related.

The court correctly submitted to the jury the issue of undue influence, since the evidence thereon was the same in substance as it was upon the former appeal and that matter is governed by the same principles that controlled the question discussed in the preceding paragraphs. It is again argued that the evidence is not sufficient to sustain the verdict against the will upon the issue of undue influence, but since there may be another trial, and the evidence then adduced may be different, we refrain at this time from a determination of that question. It is not possible to know whether the jury based its verdict upon the ground of mental incapacity, or of undue influence, or upon both grounds, and in view of that fact it is proper to postpone consideration of the matter until it may be settled once for all.

The question raised respecting the method of impaneling the jury is not likely to arise again, and the result reached obviates the necessity of dealing with that subject.

The judgment is reversed, for a new trial not inconsistent with this opinion.